IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CRIM. NO. 08-00739 (01) SOM |
| --- | --- | --- |
| | ) | CIV. NO. 18-00287 SOM/RT |
| Plaintiff, | ) | |
| | ) | FIRST SUPPLEMENT TO ORDER |
| vs. | ) | DENYING PETITION UNDER 28 |
| | ) | U.S.C. § 2255, DENYING |
| RAMIRO HERNANDEZ (01), | ) | REQUEST FOR AN EVIDENTIARY |
| | ) | HEARING, AND DENYING |
| Defendant. | ) | CERTIFICATE OF APPEALABILITY |
| _____ | ) | |

**FIRST SUPPLEMENT TO ORDER DENYING PETITION UNDER
28 U.S.C. § 2255, DENYING REQUEST FOR AN EVIDENTIARY
HEARING, AND DENYING CERTIFICATE OF APPEALABILITY**

**I.     INTRODUCTION.**

On December 31, 2018, this court denied Defendant Ramiro Hernandez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, denied his request for an evidentiary hearing, and declined to issue a certificate of appealability.  The court invited Hernandez to identify any ground for relief raised in his § 2255 motion that he thought this court had failed to address in its order, informing him that any issue not so identified would be deemed automatically waived.  *See* ECF No. 630.

On January 11, 2019, Hernandez said that this court had failed to adjudicate three issues: 1) whether appellate counsel Deanna Dotson had rendered ineffective assistance of counsel by failing to raise a California wiretap issue on appeal; 2) whether this court had erred in sentencing Hernandez to 300 months; and 3) whether appellate counsel Pamela Tower had rendered

ineffective assistance of counsel by failing to obtain a forensic analysis of a tape recording to determine whether it had been altered. With the exception of these three issues and any issue discussed in this court's earlier order, Hernandez has waived all other issues that he may have asserted in his § 2255 motion. *See* ECF No. 630.

The court denies the § 2255 motion to the extent it is based on the second and third identified issues. However, as detailed below, the court requests additional limited briefing on the first issue. The court continues to deny Hernandez's request for an evidentiary hearing, although if supplemental briefing on the first issue raises issues that warrant an evidentiary hearing, the court will revisit the issue of a hearing. Finally, the court at this point continues to decline to issue a certificate of appealability. In all other respects, the court's order of December 31, 2018, is incorporated into this order by reference and continues to have full effect.

**II.     ANALYSIS.**

   **A.   The Court Requests Supplemental Briefing With Respect to What Prejudice Hernandez Suffered When Appellate Counsel Failed to Raise the Wiretap Issue on Appeal**.

Hernandez claims that his second appellate counsel, DeAnna S. Dotson, was ineffective in failing to raise a state wiretap issue on appeal. *See Hurles v. Ryan*, 752 F.3d 768, 785

2

(9th Cir. 2014) ("A criminal defendant enjoys the right to the effective assistance of counsel on appeal."). In its earlier order of December 31, 2018, this court rejected the assertion that Pamela O'Leary Tower, Hernandez's first appellate counsel, had been ineffective in failing to raise the California wiretap issue. This court noted that Hernandez had sought suppression of the wiretap evidence before this court, which this court had denied. *See* ECF Nos. 246, 323, 325. This court ruled that Hernandez had failed to demonstrate that Tower was objectively unreasonable in choosing not to raise the issue again on appeal during the time she represented Hernandez. The court additionally notes that Tower no longer represented Hernandez when he filed his opening brief on appeal.

Hernandez now says this court failed to rule on whether subsequent appellate counsel, Dotson, was ineffective in failing to raise the wiretap issue in light of *United States v. Perez-Valencia*, 727 F.3d 852 (9th Cir. 2013), a Ninth Circuit decision rendered after Hernandez was convicted but before he was sentenced. In *Perez-Valencia*, the Ninth Circuit ruled that, under California Penal Code § 629.50, only the district attorney or the person designated to act as the district attorney in all respects in the district attorney's absence, could apply for a

3

wiretap. *Id.* at 855 ("We hold . . . that 'the' attorney designated to act in the district attorney's absence--as § 629.50 specifies--must be acting in the district attorney's absence not just as an assistant district attorney designated with the limited authority to apply for a wiretap order, but as an assistant district attorney duly designated to act for all purposes as the district attorney of the political subdivision in question.").

The record in this case does not conclusively establish that the person who applied for the California wiretap at issue was designated to act as the district attorney for all purposes when he or she was unavailable. *See* ECF No. 312-5 (listing four assistant district attorneys authorized to apply for wiretaps when the district attorney was unavailable). This court therefore requests supplemental briefing with respect to the prejudice Hernandez may have suffered because Dotson failed to raise the wiretap issue on appeal.

Of course, the court is not here ruling that Dotson's failure to raise the issue on appeal fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). Dotson might have been justified in choosing not to raise the issue on

appeal on the ground that the issue would not succeed. *See Jones v. Smith*, 231 F.3d 1227, 1239 n.8 (9th Cir. 2000) (stating that appellate counsel was not ineffective for failing to raise an issue that was not grounds for reversal).

The court notes that the California wiretap evidence does not appear to have been introduced as evidence in Hernandez's second trial. *See* Opposition to § 2255 Motion at 24-25, ECF No. 622, PageID #s 11116-17 ("It was reasonable for Hernandez's counsel not to raise this claim on direct appeal, particularly given that the Government did not even make use of the challenged state wiretaps during his second trial."); Hernandez's Memorandum in Support of § 2255 Motion at 85, ECF No. 614-2, PageID #s 10846 ("The government . . . shocked the entire proceedings when it cited that, 'it was not going to introduce any of the intercepted calls from the wire tap'").

No later than February 27, 2019, Hernandez may file a supplemental memorandum that details how the wiretap evidence at issue affected the second trial even though the intercepted calls were not introduced. He may also describe any alleged prejudice that he suffered as a result of Dotson's failure to raise the wiretap issue on appeal.

This supplemental memorandum must be no longer than 5 pages and must not raise or discuss any other issue. The Government may respond to Hernandez's supplemental memorandum no later than March 13, 2019, in a filing that is also no longer than 5 pages.

### B. Hernandez Procedurally Defaulted on His Claim That This Court Improperly Sentenced Him to 300 Months of Imprisonment.

On September 18, 2014, the court sentenced Hernandez to 300 months of imprisonment with respect to each count, with all terms running concurrently. The court also sentenced him to 5 years of supervised release for each count, with all terms running concurrently, as well as a $300 special assessment. *See* ECF Nos. 533 (Minutes of Sentencing Proceeding), 535 (Judgment). Hernandez did not challenge his sentence on appeal. *See* Appellant's Opening Brief, No. 14-10453, Doc. No. 35 (July 19, 2016).

Hernandez is procedurally barred from raising an issue in his § 2255 motion if the issue could have been raised earlier, unless he is actually innocent, *United States v. Guess*, 203 F.3d 1143, 1145 (9th Cir. 2000), or he can demonstrate both "cause" for the delay and "prejudice" resulting from the alleged error. *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *accord Davis*

*v. United States*, 411 U.S. 233, 242 (1973).  To show "actual prejudice," Hernandez "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *Frady*, 456 U.S. at 170.  Hernandez makes no such showing.

Hernandez is not arguing that he is actually innocent and fails to show why he did not raise the sentencing issue on appeal.  He does not demonstrate either "cause" or "prejudice" for that failure.  Hernandez therefore procedurally defaulted on the claim that he was improperly sentenced and cannot raise it for the first time in his § 2255 motion.

### C. Hernandez Fails to Show That Pamela O'Leary Tower Was Ineffective in Failing to Obtain a Forensic Analysis of a Tape Recording, Exhibit 800, To Determine Whether It Had Been Altered.

Hernandez asserts that appellate counsel, Tower, was ineffective in failing to obtain a forensic analysis of tape recordings, Exhibit 800, to determine whether they had been altered.  Even assuming that such a forensic analysis was available, Hernandez does not show that it would have made any difference in the outcome of this case.  Hernandez provides no indication that a forensic analysis would have demonstrated that

7

the tape recordings had been materially altered.  At most, Hernandez says "it is clear that the recordings had breaks and deletions."  *See* ECF No. 614-1 at 59, PageID # 10712.  But he identifies no specific places in the recording that the court should study.  In particular, he does not say how any "deletion" can be discerned.  Nor does he identify any other evidence that the tape was altered.

For example, while Hernandez cites Exhibit 21, ECF No. 614-24, PageID # 10965, as support for his claim that the tape was altered, that letter from Tower to Hernandez merely states, "I have emailed Jonathan Loo regarding the CD – Govt Ex 800.  I am looking into forensic audio companies as well."  *Id.*  Hernandez similarly cites page 93 of his motion as support for the alteration of the tape.  But, again, that page only states that Tower "told [Hernandez] that she was looking into a forensic examiner of the original Jose Perez known recordings."  ECF No. 614-1 at 94, PageID # 10747.

At trial, Special Agent Clement Sze testified that he was present at the time the recordings at issue, Ex. 800, were made.  He said that they were "accurate" and had "[n]o breaks, deletions, or interruptions."  Transcript of Proceedings at 3-86 (Jan. 10, 2012), ECF No. 552, PageID # 8748.  Hernandez counters

with nothing more than his own assertion and does not even hint at what evidence he has to support that assertion.

Under these circumstances, Hernandez fails to show that Tower's failure to obtain the forensic analysis was deficient. Hernandez also fails to show how he was prejudiced by that alleged failure.

### D. The Court Continues to Decide This Matter Without a Hearing.

The court continues to deny Hernandez's § 2255 motion without holding an evidentiary hearing, as the record before the court conclusively demonstrates that Hernandez is not entitled to § 2255 relief. *See* 28 U.S.C. § 2255(b) (requiring a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). The court therefore continues to deny Hernandez's motion asking this court to conduct an evidentiary hearing. *See* ECF No. 616.

### III. The Court Continues to Decline to Issue a Certificate of Appealability.

The court continues to decline to grant Hernandez a certificate of appealability. An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). The court shall

issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a § 2255 petition on the merits, a petitioner, to satisfy the requirements of section 2253(c)(2), "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, however, a

> district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.*

This court does not think any reasonable jurist would find it debatable that Hernandez has procedurally defaulted on his challenge to his sentence. Nor does this court think any reasonable jurist would find this court's assessment of the merits of Hernandez's ineffective assistance of counsel claims debatable or wrong. Accordingly, the court continues to decline to issue Hernandez a certificate of appealability.

10

**IV.     CONCLUSION.**

Hernandez's § 2255 motion and request for an evidentiary hearing, ECF Nos. 614 and 616, are denied to the extent they are based on his claim that he was improperly sentenced to 300 months of imprisonment and that appellate counsel failed to obtain a forensic analysis of tape recordings. The court requests limited supplemental briefing on the sole remaining issue before this court--whether Dotson was ineffective in failing to raise the California wiretap issue on appeal. Specifically, no later than February 27, 2019, Hernandez may file a supplemental memorandum that details how, if at all, the California wiretap evidence affected the second trial, and identifies any alleged prejudice that he suffered as a result of Dotson's failure to raise the wiretap issue on appeal. The supplemental memorandum must be no longer than 5 pages and must not raise or discuss any other issue. The Government may respond to Hernandez's supplemental memorandum no later than March 13, 2019, in a filing that is also no longer than 5 pages.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 30, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

United States of America v. Gouveia, Crim. No. 08-00739 SOM (01), Civ. No. 18-00287 SOM/RT; FIRST SUPPLEMENT TO ORDER DENYING PETITION UNDER 28 U.S.C. § 2255, DENYING REQUEST FOR AN EVIDENTIARY HEARING, AND DENYING CERTIFICATE OF APPEALABILITY